# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-969V
Filed: June 15, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | Special Master Sanders |
| ROGER NOBLETT, | * | |
| | * | Attorneys' Fees and Costs; Adjusted |
| Petitioner, | * | Hourly Rates; Fees for Travel. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Amber D. Wilson, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 9, 2014, Roger Noblett ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that the administration of an influenza ("flu") vaccine on October 16, 2013 caused him to suffer from Guillain-Barre Syndrome ("GBS"). Petition, filed Oct. 9, 2014. On October 19,

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

2016, Special Master Hamilton-Fieldman issued a decision pursuant to the parties' joint stipulation. Decision, ECF No. 46.

On April 11, 2017, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $38,647.20. *See* Pet'r's Mot. Att'ys' Fees and Costs at 1, ECF No. 53. Petitioner requested attorneys' costs in the amount of $3,255.14, and also requested costs personally incurred in the course of this litigation in the amount of $111.96. *Id.* at 1-2. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, filed Apr. 17, 2017. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner filed a reply on April 24, 2017 claiming that Respondent's position burdened the Court and prejudiced Petitioner. Pet'r's Reply at 2. Without specific objections from Respondent, Petitioner argued, the Court determines fee applications without allowing petitioners the opportunity to respond to any "issues or misperceptions." *Id.* Petitioner then argued that his requested rates are reasonable and that he met his burden establishing the reasonableness of his request. *Id.* at 3-5.

The matter is now ripe for consideration.

### I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

In *Avera*, the Federal Circuit determined that the forum of the Vaccine Act is Washington, D.C.  515 F.3d at 1348.  The Federal Circuit also decided that the forum rate for attorneys' fees should generally apply in Program cases.  *Id.*  However, it created an exception pursuant to *Davis County*: where most of an attorney's work is performed outside of the forum and there is a "very significant difference" between the forum rate and the attorney's lower local rate, a court should calculate fees under the local rate.  *Id.* at 1349.  A court must first determine the forum rate, then determine the local rate, and finally determine whether a "very significant difference" exists between them.  *Davis Cty.*, 169 F.3d at 758.

### a.  Hourly Rates

The majority of counsel's work in this case was performed in the Washington, DC office of Maglio, Christopher, & Toale ("MCT").  Therefore, forum rate ranges will apply to the attorneys' rates.

In *McCulloch*, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350 to $425 per hour.  *Id.*  An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225.  *Id.*

In the instant case, attorney Amber Wilson requests hourly rates of $295 for work performed from 2014 to 2015; $301 for 2016; and $308 for 2017.  Pet'r's Ex. 23, ECF No. 53-1.  The undersigned finds it necessary to adjust these rates.  In considering Ms. Wilson's skill, experience, quality of work, and reputation, the undersigned finds that the appropriate hourly rate for Ms. Wilson's work performed in 2014-15 is $225 and in 2016 is $275.  The reduced rates are consistent with past decisions from other special masters.  *See McCosh v. Sec'y of Health & Human Servs.*, No. 14-1089V, 2016 WL 8376852 (Fed. Cl. Spec. Mstr. Nov. 7, 2016); *Kaufman v. Sec'y of Health & Human Servs.*, No. 15-1045V, 2016 WL 8347656 (Fed. Cl. Spec. Mstr. Nov. 7, 2016); *Solomon v. Sec'y of Health & Human Servs.*, No. 14-0748V, 2016 WL 8257673 (Fed. Cl. Spec. Mstr. Oct. 27, 2016).  In 2017, Ms. Wilson had 5 years of experience in practice.  Thus, she would fall in the $230 to $307 *McCulloch* range, as reflected in the 2017 Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule.[3]  Ms. Wilson's requested hourly rate of $308 is outside the acceptable range.  The undersigned finds that $290 is a reasonable hourly rate for 2017, based on her experience and background.  Therefore, Ms. Wilson's total fee award is reduced by $6,243.20.

---

[3] The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The undersigned also finds that it is necessary to adjust the 2017 rate for attorney Cecelia Stultz. Ms. Stultz had been practicing for four years in 2017. *See Cecelia Hagan Stultz,* Avvo, http://www.avvo.com/attorneys/34236-fl-cecelia-stultz-4559258.html (last visited June 15, 2017). Thus, she would fall within the $230 to $307 *McCulloch* range, as reflected in the 2017 OSM Attorneys' Forum Hourly Rate Fee Schedule. Ms. Stultz's requested rate of $250 for work performed in 2017 is not appropriate. Pet'r's Ex. 23 at 21. The undersigned finds that $230 is a reasonable hourly rate for Ms. Stultz, which is at the lower end of the rates for attorneys with four to seven years of experience in practice. Thus, Ms. Stultz's total fee award is reduced by $6.00.

### b. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. 515 F.3d at 1348. In a review of MCT's billing records, the undersigned found Ms. Wilson requested her full hourly rate for traveling. Pet'r's Ex. 23 at 7. Following *Gruber*, the undersigned will grant a full hourly rate for travel where an attorney provides documentation that she or he performed work while traveling. 91 Fed. Cl. at 791; *see also Amani v. Sec'y of Health & Human Servs.*, No. 14-150V, 2017 WL 772536, at *6 (Fed. Cl. Spec. Mstr. Jan. 31, 2017).

Here, Ms. Wilson requests $295 per hour for: 0.3 hours of travel on January 19, 2015; 0.5 hours of travel on January 20, 2015; 2 hours of travel on January 21, 2015; and 0.3 hours of travel on January 23, 2015. Pet'r's Ex. 23 at 7. Her billing entries for those dates state: "Travel to BWI, park car, shuttle to airport, security check (split btn 4 cases);" "Pick up rental car and travel from airport to hotel;" "Travel to/from client meeting;" and "Return travel from BWI to include shuttle time to retrieve car (split btn 4 cases)." *Id.* The undersigned will award Ms. Wilson an hourly rate of $150 for travel, which amounts to two-thirds of her reasonable rate of $225. *See also Collins v. Sec'y of Health and Human Servs.*, No. 15-661V, 2017 WL 1315687, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2017). This reduction reflects travel time wherein Ms. Wilson was driving and therefore limited in her ability to engage in any other work or personal activity. The total reduction for these hours is $449.50.

### c. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $3,255.14 in MCT attorneys' costs. The costs are associated with medical record retrieval, travel to and from D.C., postage, and a filing fee. The undersigned finds them to be reasonable and awards them in full.

## II.   Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

MCT Attorneys' Fees Requested                                                    $38,647.20

| | |
|---|---|
| (Reduction to Ms. Wilson's Hourly Rate in 2014-15) | -$5,600.00 |
| (Reduction to Ms. Wilson's Hourly Rate in 2016) | -$592.80 |
| (Reduction to Ms. Wilson's Hourly Rate in 2017) | -$50.40 |
| (Reduction to Ms. Stultz's Hourly Rate in 2017) | -$6.00 |
| (Reduction to Ms. Wilson's Travel Fees) | -$449.50 |
| **MCT Attorneys' Fees Awarded** | **$31,948.50** |
| **MCT Attorneys' Costs Awarded** | **$3,255.14** |
| **Total MCT Attorneys' Fees and Costs Awarded** | **$35,203.64** |
| **Streett Law Firm Fees and Costs Awarded** | **$3,881.64** |

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable with the above reductions. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $35,203.64,[4] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Amber D. Wilson, of Maglio Christopher & Toale[5]; $3,881.64, in the form of a check made payable jointly to Petitioner and Petitioner's former counsel, Streett Law Firm, P.A.[6]; and $111.96, in the form of a check made payable to Petitioner[7] only.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] The Clerk of Court is directed to forward the check for Petitioner and Petitioner's counsel, Maglio Christopher & Toale, to: 1605 Main Street, Suite 710, Sarasota, FL 34236.

[6] The Clerk of Court is directed to forward the check for Petitioner and Petitioner's former counsel, Streett Law Firm, P.A., to: 107 West Main Street, Russellville, AR 72801.

[7] The Clerk of Court is directed to forward the check for Petitioner, Roger Noblett, to: Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).